ALVAREZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 4.—Decided June 13, 1906.

RECORD—ANTICHRESIS.—By virtue of the provisions of article 27 of the Regulations for the Execution of the Mortgage Law, the rights of antichresis are properly recordable in the registry of property.

The facts are stated in the opinion.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Isidoro Alvarez from a decision of the Registrar of Property of Caguas, refusing to admit to record a contract of antichresis.

By public deed executed in Caguas before Rafael Arce Rollet, a notary of said city, on February 5 of the current year, Domingo Matanzo y Pérez, a resident of said city, conveyed in antichresis to Isidoro Alvarez, also a resident of said town, a *kiosk* belonging to him, constructed of native and foreign wood, with a galvanized-iron roof, situated in the central part of said city, which property is recorded in his name in the registry of property of that district, in order

that Isidoro Alvarez might apply the proceeds therefrom to the payment of a debt of 600 *pesos* which he owed him, and under certain other conditions contained in the deed. Upon the presentation of said deed to the Registrar of Property of Caguas for record, the latter refused to record the same for the reasons set forth in the decision placed at the end of said document, reading as follows:

"The foregoing document is not admitted to record and in lieu thereof a cautionary notice is entered to have effect for one hundred and twenty days, at folio 227, reverse side, of volume 13 of this municipality, estate 915, entry A, inasmuch as said deed contains the incurable defect of a contract of antichresis which is not recordable, because such contract constitutes a personal and not a real right; and because it does not appear, nor is it included among deeds transferring or declaring the ownership of real property or of property rights therein, or among documents acknowledging, modifying or extinguishing the rights of usufruct, use, habitation, emphyteusis, mortgages, annuities, easements, or any other real right, act, or contract, final judgment or title of acquisiton expressly determined in the law. Caguas, February 15, 1906.—S. Abella Bastón, registrar."

Isidoro Alvarez took an appeal in due time from this decision to this Supreme Court, seeking the reversal thereof and praying for an order directing the registrar to record the deed.

According to article 27 of the Regulations for the Execution of the Mortgage Law of this Island:

"In accordance with paragraphs 1, 2 and 3 of article 2 of the law, not only must instruments creating, acknowledging, conveying, modifying, or extinguishing ownership or property rights mentioned in said paragraphs be recorded, but also any others relating to rights of the same character, such as the acquisition of estates, half of which are to be reserved on account of entail, definite concessions of mines, railroads, public works, water, pasture, and other similar rights, awards, in payment of debts in accordance with the proceedings in general assignment of bankruptcy, concessions of unclaimed lands, the rights of antichresis, that of reconveying estates sold with a covenant of resale, or in fact any legal instrument or contract which, without

having a proper name in law, modifies at once or in the future any of the privileges of the ownership of real estate or property rights.''

This legal provision dispels any doubt that might be entertained with respect to the nature of an antichresis agreement and the recordability thereof in the registry of property.

The decision of the Registrar of Property of Caguas, placed at the end of the deed in question is reversed, and he is ordered to record the same in the proper form; and it is ordered that said deed be returned to him, together with a certified copy of this decision for its execution, and other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.